IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joseph Johnson, #325591, | ) | C/A No.: 1:11-1753-RMG-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Warden Mauney, Livesay Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Joseph Johnson is an inmate at the Livesay Correctional Institution of the South Carolina Department of Corrections. He filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Respondent's motion for summary judgment and return. [Entry #18, #19]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by January 6, 2012. [Entry #20]. Petitioner filed a response on January 6, 2012. [Entry #27]. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted.

I.  Procedural Background

Petitioner was indicted by the Anderson County grand jury in November 2006 for armed robbery and possession of a weapon during the commission of a violent crime.

(2006-GS-04-3481). [Entry #19-1 at 1-2]. Petitioner was subsequently re-indicted at the January 2007 term of the Anderson County Grand Jury for armed robbery and possession of a weapon during the commission of a violent crime. (2007-GS-04-198). [Entry #19-1 at 5-6]. Both indictments charged Petitioner with the armed robbery of Dean E. Wright ("victim") on October 27, 2005. Respondent submits that because the 2006 indictment had the wrong offense date on it (October 27, 2006), it was corrected in the 2007 indictment. Petitioner was represented by William E. Phillips, Esq. and pled guilty before the Honorable J.C. Nicholson, Jr. on December 6, 2007 to armed robbery on the 2007 indictment. [Entry #19-2 at 3-11]. Judge Nicholson sentenced Petitioner to ten years on the armed robbery count. [Entry #19-2 at 9]. Also on December 6, 2007, the 2006 indictment was nolle prossed, as well as the weapons charges on both indictments. [Entry # at 19-1 at 3,4, 8].

Petitioner did not appeal from his guilty plea.

Petitioner filed an application for post-conviction relief ("PCR") on August 19, 2008, in which he alleged various grounds of ineffective assistance of counsel. [Entry #19-2 at 12-18]. A PCR evidentiary hearing was held before the Honorable Alexander Macaulay on June 17, 2009, at which Petitioner and his counsel, Hugh Welborn, Esq. appeared. [Entry #19-2 at 23-49]. On November 20, 2009, Judge Macaulay entered an order of dismissal, which was filed on December 2, 2009. [Entry #19-2 at 50-57]. Petitioner did not file a Rule 59(e), SCRCP, Motion to Alter or Amend.

Petitioner appealed from the denial of PCR and was represented by Appellate Defender Lanelle C. Durant of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. Attorney Durant filed a *Johnson* petition for writ of certiorari in the South Carolina Supreme Court on May 4, 2010 and petitioned to be relieved as counsel. [Entry #19-3]. The petition raised the following issue: "Did the PCR Court err in failing to find plea counsel ineffective for not insuring that petitioner's guilty plea was knowingly, voluntarily, and intelligently entered into?" [Entry #19-3 at 3]. Petitioner filed a pro se brief in which he raised the following issue: "The circuit court lacked personal and subject matter jurisdiction to accept defendant's guilty plea for Indictment #2006-GS-04381 Warrant #I855580 Armed Robbery and Possession of a firearm during the commission of violent crime." [Entry #19-4].

On May 26, 2011, after careful consideration of the entire record as required by *Johnson*, the South Carolina Supreme Court denied the petition and granted counsel's request to be relieved. [Entry #19-5]. The remittitur was issued on June 13, 2011. [Entry #19-6].

Petitioner filed this federal petition for a writ of habeas corpus on July 14, 2011. [Entry #1].[1]

---

[1] The petition was received by the court on July 18, 2011 and docketed on July 25, 2011. However, because Plaintiff is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). Petitioner dated his petition July 14, 2011, the date his envelope indicates the petition was deposited in the prison mailing system.

II.  Discussion

   A.  Federal Habeas Issues

Petitioner now asserts he is entitled to a writ of habeas corpus on the following grounds:

**Ground One:**  The Circuit Court lacked personal and subject-matter jurisdiction to accept defendant's guilty plea for Indictment #2006-GS-043481, 2007-GS-04-198.

**Supporting Facts:**  Indictment #2006-GS-043481 and Warrant #I855580 was nolle prosequi on December 6, 2007 same date as guilty plea.  Indictment #2007-GS-04-198 is a sham to file a nolle prosequi case. In violation of my 5th and 14th Amendment Due Process Rights.  Indictment #2007-GS-04-198 is Double Jeopardy.

[Entry #1 at 5].

   B.  Standard for Summary Judgment

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    C.    Habeas Corpus Standard of Review

        1.    Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as

determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

    2.  Procedural Bar

 Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a. Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i) there is an absence of available State corrective process; or

    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may

7

consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[2] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application,

---

[2]In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

regardless of whether the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983)*; Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).

b. Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

3. Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

4. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, a petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1985). Petitioner bears the burden of proving an error and prejudice in his ineffective assistance of counsel claim. *Id.*

D. Analysis

1. Procedurally-Barred Grounds

As an initial matter, Respondent contends that Petitioner's Ground One is procedurally-barred to the extent that it was not raised in a direct appeal or PCR appeal. The undersigned agrees that the procedural bar applies to Ground One, in which Petitioner appears to raise the following issues: (a) lack of personal jurisdiction, (b) lack of subject matter jurisdiction; (c) sham indictment; and (d) due process and double jeopardy violations. All these issues are procedurally barred on federal habeas review for several reasons.

(a) Lack of Personal Jurisdiction

Petitioner's claim that the sentencing court lacked personal jurisdiction over him is procedurally barred, first, because he raised no such objection at his guilty plea, and under South Carolina law, personal jurisdiction is waived by appearing and defending or pleading guilty to the charge. *State v. Orr*, 82 S.E.2d 523 (S.C. 1954); *State v. Douglas*, 138 S.E.2d 845 (S.C. 1965). Second, lack of personal jurisdiction in the sentencing court is a direct appeal issue, and because Petitioner did not file a direct appeal, his claim is procedurally barred. Even if he had filed a direct appeal, he could not have raised this issue because he made no objection below preserving a lack of personal jurisdiction claim. *State v. Young*, 459 S.E.2d 84 (S.C. 1995)(to be preserved for appeal, issue must have been raised to and ruled upon by the trial judge). Third, even if such a direct appeal claim could have been raised at PCR, Petitioner procedurally defaulted by not raising it there or by

filing a Rule 59(e) motion. Petitioner first raised a claim of lack of personal jurisdiction on PCR appeal. For the foregoing reasons, this ground is procedurally barred on federal habeas review.

(b) Lack of Subject Matter Jurisdiction

Petitioner's "subject matter jurisdiction" claim does not set forth a cognizable federal habeas claim. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991)("We have stated many times that federal habeas corpus relief does not lie for errors of state law"). Because this claim depends entirely on a state court's determination of its own laws, it is not cognizable in federal habeas corpus. *See Wright v. Angelone*, 151 F.2d 151 (4th Cir. 1998)(noting that while habeas may be granted for a lack of jurisdiction in the sentencing court, relief may not be granted where alleged jurisdictional defect depends on interpretation of state law, unless result is complete miscarriage of justice defined as actual innocence). Additionally, Petitioner's claim does not appear to be a lack of subject matter jurisdiction claim, but rather a complaint about the indictment. Under South Carolina law, indictments are mere notice documents, and subject matter jurisdiction is the inherent authority of a court to hear and decide a particular type of case. There is no question the circuit court of General Sessions for Anderson County had subject matter jurisdiction to hear a guilty plea to the crime of armed robbery.

(c) Sham Indictment

Petitioner's claim that the 2007 indictment was a sham is procedurally-barred, first because he raised no such objection at his guilty plea, and under South Carolina law,

objections to indictments must be made before the jury is sworn or before a guilty plea is entered. *See State v. Gentry*, 610 S.E.2d 494, 499 (S.C. 2005). Second, the issue of sham indictment is a direct appeal issue, and because Petitioner did not file a direct appeal, his claim is procedurally barred. Even if he had filed a direct appeal, he could not have raised this issue because he made no objection below preserving this claim. *State v. Young*, 459 S.E.2d 84 (S.C. 1995) (to be preserved for appeal, issue must have been raised to and ruled upon by the trial judge). Third, even if such a direct appeal claim could have been raised at PCR, Petitioner procedurally defaulted by not raising it there or by filing a Rule 59(e) motion. Petitioner first raised a claim of sham indictment on PCR appeal. For the foregoing reasons, this ground is procedurally barred on federal habeas review.

(d) Due Process and Double Jeopardy Violations

Petitioner's claim that his 5th and 14th Amendment rights to due process were violated and that he was subjected to double jeopardy are procedurally barred because he did not raise at them at his guilty plea or his PCR hearing. These issues were waived, abandoned, and procedurally defaulted at the trial court level under South Carolina state law. *Glover v. County of Charleston*, 606 S.E.2d 773 (S.C. 2004) (equal protection argument not preserved for review); *Durlach v. Durlach*, 596 S.E.2d 908 (S.C. 2004) (due process claim raised for the first time on appeal not preserved); *State v. Young*, 459 S.E.2d 84 (S.C. 1995)(to be preserved for appeal, issue must have been raised to and ruled upon by the trial judge). Additionally, Petitioner did not raise either of these federal constitutional claims on appeal from the denial of PCR. *See Anderson v. Harless*, 459 U.S. 4

(1982)(federal constitutional claim must be explicitly raised in state proceedings).

Therefore, to the extent that the foregoing issues in Petitioner's Ground One were not fairly presented to the South Carolina appellate courts, they are procedurally-barred from federal habeas review. *See Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review).

        2.        Cause and Prejudice

Petitioner has not shown sufficient cause and prejudice to excuse the default of Ground One. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, they are procedurally barred from consideration by this court and should be dismissed. *Id.*; *see* 28 U.S.C. § 2254; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."); *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (in order to show prejudice a Petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different); *Wainwright,* 433 U.S. at 88–91; *Murray*, 477 U.S. at 496; *Rodriguez*, 906 F.2d at 1159 (a fundamental miscarriage of justice occurs only in extraordinary cases, "where a

constitutional violation has probably resulted in the conviction of one who is actually innocent"); *Sawyer v. Whitley*, 505 U.S. 333, 348 (1992); *Bolender v. Singletary*, 898 F. Supp. 876, 881 (S.D. Fla. 1995).

The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or his efforts to comply with the State's procedural rule. *Murray*, 477 U.S. at 488. Petitioner fails to articulate cause for procedurally defaulting on Ground One. Petitioner had a guilty plea in which he raised no objection, had the opportunity for a direct appeal, a PCR hearing, and an appeal from the PCR in which to raise these issues. However, he failed to raise them, raise them properly, or preserve the issues for habeas review. Petitioner cannot establish cause and prejudice because he has consistently abandoned opportunities to preserve the issues.

In the alternative, Petitioner must show a miscarriage of justice. In order to demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Sclup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* The court's review of the record does not support a showing of actual innocence.

During the guilty plea colloquy, the Solicitor recited the following facts, which Petitioner conceded in his guilty plea colloquy were accurate, to wit: that Petitioner

approached the victim pretending to possess a pistol by putting his left hand over his right hand and demanding all of the victim's property and taking his money clip, cash, a watch, his medical ID bracelet and his wallet, which contained cash, credit cards, and identification documents. Petitioner was arrested in a motel room after police learned that he had used the victim's credit card to rent the room and a room at another motel for a friend. The victim's property was found in the room Petitioner had rented for himself. He also provided a written confession. [Entry #19-2 at 6-8].

The guilty plea colloquy reflects that Petitioner admitted he committed the crime of armed robbery and admitted the facts as recited by the Solicitor. In light of the foregoing, Petitioner cannot show actual innocence, and therefore, the procedural bar applies to Ground One.

III. Conclusion

For the foregoing reasons, the undersigned recommends Respondent's motion for summary judgment [Entry #18] be granted.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

May 18, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).