IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph Johnson, #325591, ) | |
| ) | |
| Petitioner, ) | Civil Action No.: 1:11-1753-RMG |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Warden Mauney ) | |
| ) | |
| Respondent. ) | |

In this action, Petitioner, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) DSC, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings. On December 1, 2011, Respondent filed a motion for summary judgment. (Dkt. No. 18). On January 6, 2012, Petitioner filed a response in opposition to the motion for summary judgment. (Dkt. No. 27). On May 18, 2012, the Magistrate Judge issued a Report and Recommendation recommending that Respondent's motion for summary judgment be granted. (Dkt. No. 29). On June 7, 2012, Petitioner filed objections to the Report and Recommendation. (Dkt. No. 33). As explained herein, the Court agrees with and wholly adopts the Magistrate Judge's Report and Recommendation and grants Respondent's motion for summary judgment.

**Law/Analysis**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a

1

*de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Where the petitioner fails to file specific objections to the Report and Recommendation, the Magistrate Judge's conclusions are reviewed only for clear error, *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

On December 6, 2007, Petitioner pled guilty to armed robbery and was sentenced to ten years in prison. (Dkt. No. 19-2 at 3-11).[1] Petitioner did not appeal from his guilty plea. Petitioner filed an application for post-conviction relief ("PCR") asserting ineffective assistance of counsel. Petitioner received an evidentiary hearing on his PCR application, which was subsequently dismissed. (Dkt. No. 19-2 at 51-57). Petitioner did not file a Rule 59(e) motion to alter or amend the order dismissing his PCR application. Petitioner appealed the denial of his PCR application and petitioned the South Carolina Supreme Court for a writ of certiorari. (Dkt. No. 19-3). On May 26, 2011, the South Carolina Supreme Court denied the petition. (Dkt. No. 19-5). On July 25, 2011, Petitioner filed a petition for a writ of habeas corpus, which is now before the Court. (Dkt. No. 1). In his petition for a writ of habeas corpus, Petitioner makes the following assertions: (1) the sentencing court lacked personal jurisdiction; (2) the sentencing court lacked subject matter jurisdiction; (3) the 2007 indictment was a sham; (4) Petitioner's

---

[1] Petitioner's guilty plea was for charges brought in a 2007 indictment. Petitioner had been indicted on a 2006 indictment as well. On December 6, 2007, the same day Petitioner pled guilty, the 2006 indictment and the weapons charge on the 2007 indictment were nolle prossed. (Dkt. No. 19-1 at 3, 4, 8).

Fifth and Fourteenth Amendment rights to due process were violated; and (5) Petitioner was subjected to double jeopardy. (*Id.* at 5). As explained briefly below (and more thoroughly in the Report and Recommendation which this Court adopts), Respondent is entitled to summary judgment on each of Plaintiff's claims.

"[A] state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). When a prisoner fails to raise certain claims in state court and that court "would now find the claims procedurally barred," a federal court is barred from considering the claims. *Id.* at 735 n.1. As the Magistrate Judge thoroughly explained in her Report and Recommendation, Petitioner is procedurally barred from asserting that the sentencing court lacked personal jurisdiction,[2] that the 2007 indictment was a sham, that his Fifth and Fourteenth Amendment rights to due process were violated, and that he was subjected to double jeopardy, because Petitioner failed to raise such claims at trial and did not file an appeal. Further, the Court agrees with the Magistrate Judge's discussion of the relevant law and the finding that Petitioner has not shown sufficient cause and prejudice, or that a failure to consider his claims will result in a fundamental miscarriage of justice, to excuse his failure to exhaust his state remedies. Finally, Petitioner's assertion that the sentencing court did not have subject matter jurisdiction – a claim which is based entirely on the state court's determination of state laws – does not set forth a cognizable federal habeas claim. *See Wright v. Angelone*, 151 F.3d 151, 158 (4th Cir. 1998) (holding that an alleged defect in the jurisdiction of a sentencing court which is based solely upon an interpretation of state law does not state a federal claim, absent a showing

---

[2] Additionally, under South Carolina law, personal jurisdiction is waived by appearing and defending or pleading guilty to a charge. *See State v. Douglas*, 138 S.E.2d 845, 847 (S.C. 1965).

3

of a complete miscarriage of justice). The circuit court of General Sessions for Anderson County certainly had subject matter jurisdiction to hear Petitioner's guilty plea.

## Conclusion

After reviewing the record and the relevant case law, this Court finds that the Magistrate Judge accurately stated and applied the law in her Report and Recommendation. Further, Petitioner's objections to the Report and Recommendation merely rehash the arguments made in his response to Respondent's motion for summary judgment and are without merit. Therefore, this Court adopts the Magistrate Judge's Report and Recommendation in its entirety and grants Respondent's motion for summary judgment. The petition for a writ of habeas corpus is dismissed with prejudice.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

June 13, 2012
Charleston, South Carolina